IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS --
GALVESTON DIVISION

| | |
|---|---|
| MIKKI KALINA, ET AL.,<br><br>    Plaintiff,<br>v.<br><br>JAMES BLACKSTOCK,<br><br>    Defendant. | C.A. No. 3:10-cv-00096<br><br>**Jury Trial Demanded** |

# DECLARATION OF MARTIN A. SHELLIST

I, Martin A. Shellist, hereby declare as follows:

1.  The statements set forth in this declaration are made of my own personal knowledge and, if called as a witness, I could and would testify competently to the matters stated below.

2.  I am lead counsel for Plaintiffs in this case. I submit this declaration in support of Plaintiff's Motion for an Award of Reasonable Attorneys' Fees and Costs.

3.  Plaintiffs' fee motion seeks an award of attorneys' fees for work reasonably and necessarily spent, and costs and litigation-related expenses reasonably and necessarily incurred, in this matter from its inception through today's date.

### *Summary of Legal Education and Relevant Experience and Background of Martin A. Shellist and M. Todd Slobin*

4.  I am a 1993 graduate of South Texas College of Law. I have been a member of the Texas State Bar since 1993 and am licensed to practice law before all Texas state courts since that time. I am also admitted to practice

before the United States District Courts for the Northern, Southern, and Eastern Districts of Texas, as well as the United States Courts of Appeal for the Fifth, Sixth, and Eleventh circuits.

5. I have been engaged almost exclusively in the practice of labor and employment law since 1993. Upon graduating law school in March 1993, I became employed by the law firm of Watts & Glover LLP, a Houston-based boutique firm which specialized in representing Plaintiff in employment disputes. In March 1994, along with two other lawyers, founded the firm now known as Shellist Lazarz Slobin LLP. I have successfully argued appeals before the Fifth Circuit Court of Appeals on seven occassions, and before Texas appellate courts (First, Ninth, and Fourteenth) on four occasions.

6. With respect to appeals in general, and only as examples, in 2007 and 2008 before the Fifth Circuit I successfully argued two First Amendment cases on behalf of aggrieved employees, wherein the defendant alleged the defense of qualified immunity (*Connelly v. TDCJ, et al.*, 484 F.3d 343 (5th Cir. 2007); and *Davis v. McKinney*, 518 F.3d 304 (5th Cir. 2008)). These two cases have helped shape qualified immunity practice in the Fifth Circuit and are oft-cited as precedent.

7. In state court, I have had considerable success handling Texas Whistleblower Act cases at trial and on appeal. Of particular import is the case of *Levingston v. City of Houston*, 221 S.W.3d 204 (Tex.App.—Houston [1st Dist.], 2006) in which I was lead trial and appellate counsel. *Levingston* involved a veterinarian terminated for reporting animal abuse. After lengthy litigation and intervening appeals, won the case and the jury awarded Dr. Levingston more than $1.3 million dollars in damages (exclusive of attorneys' fees and costs; the fee lodestar was enhanced). I believe that this remains the largest whistleblower verdict against the City of Houston. Additionally, in

*Lawson v. City of Houston*, 122 S.W.3d 276 (Tex.App.—Houston[1st Dist.], 2003) (*rev'd on other grounds*), as lead counsel and successfully argued on appeal that certain provisions of the Texas Whistleblower Act were not jurisdictional and ought not deprive an aggrieved employee of his day in court. Since *Lawson*, the Texas Supreme Court has taken an even more lenient position interpreting these statutory provisions.

8. In every case listed above, I have actively participated in litigation through preparing pleadings, gathering data required for discovery responses, taking depositions, developing strategy, motion practice, and participating at trial, including jury selection, opening statement, direct- and cross-examination, closing argument, and assisting with post-trial motions.

9. Over the past 18 years, and as referenced below, I have successfully tried other cases as lead counsel or co-counsel, including a collective action with 55 plaintiffs styled *Roussell v. Brinker Int'l*, which was successfully tried to a jury in 2009, and the verdict was successfully defended on appeal in an opinion released in July 2011 (5th Circuit Cause No. 09-20561 c/w 10-20614). The damages were stipulated to by the Defendant, and the Court awarded in excess of $2 million in attorneys' fees and costs. I also co-counseled a case in August 2011 with my partner Todd Slobin styled *Dixon v. TSU*, in which we obtained a $750,000 jury verdict. Judge David Hittner is currently considering the fee and cost application.

10. With respect to affiliations and CLE, I have dedicated the past 18 years to litigation, and have concentrated my practice on employment issues, contract disputes, wage and hour litigation, and related areas. I have been a member of the National Employment Lawyers Association (NELA) since approximately 1995. At different times since then, I have been the President and Vice-President of the local NELA-Houston Chapter. For the past 17

3

years, I have been a member of the Houston Bar Association-Labor and Employment Section. I have also been an active member of the Texas Employment Lawyers Association, which is a select group of employment attorneys dedicated to advancing and protecting the rights of Texas workers. Finally, nearly all CLE I do focuses on employment, contract, or wage disputes.

11. Mr. Slobin is a 1997 graduate of Texas Southern University – Thurgood Marshall School of Law. He has been a member of the Texas State Bar since 1997 and has been licensed to practice law before all Texas state courts since that time. In addition to being a member of the Texas Bar, he is licensed to practice before the United States District Courts for the Southern District of Texas, Western District of Texas, and Eastern District of Texas and the United States Courts of Appeals for the Fifth Circuit and the Supreme Court of the United States. In addition, he is a member of the Labor and Employment Law Section of the State Bar of Texas, and the Labor and Employment Law Section of the Houston Bar Association. He is also the former Chairman of the Labor and Employment Law Section (2007-2008) of the Houston Bar Association. In addition, he has been named a Super Lawyer by Texas Monthly every year since 2005.

12. He has been engaged almost exclusively in the practice of labor and employment law since 1998. In June 1998, he became employed by the law firm of Gregg M. Rosenberg & Associates, a Houston-based boutique firm which specialized in representing Plaintiffs in employment disputes. In August 2002, he joined Shellist, Lore & Lazarz, thereafter known as Shellist Lazarz, and now known as Shellist Lazarz Slobin, LLP (the "firm"). During the summer in 2010, he became a named partner with the firm. From its inception, the firm has advocated for employee rights, handling claims such

4

as gender and race discrimination, sexual harassment, and other Title VII claims, violations of the Family and Medical Leave Act, and related statutes. Shellist Lazarz Slobin, LLP pursues claims in federal and state courts, and also handles appeals. He has argued appeals before the Fifth Circuit Court of Appeals and before the Fourteenth Court of Appeals.

13. With respect to appeals in general, and only as an example, before the Fifth Circuit he successfully argued and reversed a Title VII gender discrimination and retaliation case on behalf of an aggrieved employee that was dismissed on summary judgment grounds. The case is styled *Aryain v. Wal-Mart Stores Tex. LP., 534 F. 3d 473* (5th Cir. 2008).

14. Over the past 14 years, and as referenced below, he has successfully tried a number of cases as lead counsel, co-counsel, or second chair with other lawyers in the firm.

15. With respect to affiliations and CLE, he has dedicated the past 14 years to litigation, and has concentrated his practice on employment issues, contract disputes, discrimination, and related areas.

16. He has been handling employment cases since 1997. In the last 14 years, he has handled in excess of four hundred employment law cases. He also speaks several times a year on various employment law related topics.

17. He has been Board Certified by the Texas Board of Legal Specialization in Labor & Employment Law since 2005.

*The Firm's Involvement in This Case*

18. Shellist Lazarz Slobin, LLP has been involved in this case from day one. I initially met with the Plaintiffs in 2008 to discuss their concerns about James Blackstock and Brazoria County. Significant research was undertaken early on to determine what claims existed and the then current

5

status of the law regarding the potential claims against Blackstock individually. As the Court is well aware, 42 U.S.C. Sec. 1983, and suing publicly elected officials in their individual capacity, is a unique area of the law and there is not a tremendous basis of law directly on point.

19. Additionally, Shellist Lazarz Slobin, LLP has not included in its bill for services all of the time spent with the Plaintiffs developing case facts, and for the significant research and numerous meetings held early on. This type of billing judgment is exemplified throughout the Shellist Lazarz Slobin, LLP bill for services. Indeed, the Court will recall that, at one point, Brazoria County was a party defendant. Despite the fact that much work was done in 2008 and 2009 in furtherance of the case against both Brazoria County <u>and</u> Blackstock, and the fact that said billing was intertwined and benefitted the prosecution of claims against both Brazoria County and Blackstock, the billing in the instant case against Blackstock begins in July 2010, <u>after</u> Brazoria County had been dismissed from the suit as a party defendant.

20. Undersigned counsel conservatively estimates that, by beginning the billing in July 2010, more than $20,000 of attorney's fees and paralegal time has been cut from the bill.

21. There was additional billing judgment exercised, as well. Beginning in July 2010, and throughout the attached invoice for legal services, the Court will note that only major events generated a time entry. The majority of inter-office attorney conferences with Todd Slobin and other lawyers were not billed, nor were the numerous client meetings and teleconferences. I estimate that more than $12,500 in attorney time was excluded from the attached invoice.

22. It is my reasoned and factual opinion upon review of our files that, in the exercise of billing judgment, Shellist Lazarz Slobin, LLP has reduced its invoice by more than 25%. We charged no paralegal time, did not bill for intertwined events pre-dating dismissal of Brazoria County, and cut many billable events post-July 2010.

23. I am familiar with the hourly rates charged by lawyers and paralegals in the greater Houston metropolitan area, including further south to Galveston, Texas.

24. I am requesting an hourly rate of $450 an hour for my professional time, and $400 an hour for Todd Slobin's time. I did not charge for any of the time of other attorneys in my office that reviewed pleadings and motions and discussed this case, including Mark Lazarz and Daryl Sinkule (Board Certified in Labor and Employment Law). It is reasonable for me to charge $450 an hour for the following reasons: 1) I am an 18-year attorney; 2) I am a partner in a small-to medium-sized firm; 3) I have significant litigation and appellate experience in both state and federal court; and 4) I have been successful handling similar claims.

25. Colleagues of mine in the South Texas region who specialize in labor and employment law, and who have similar litigation experience, generally charge in the range of $350 to $500 an hour.

26. As set forth above, Todd Slobin is a 14-year attorney with deep litigation experience, and he is Board Certified in Labor and Employment Law.

*Trial*

27. The case was tried to a jury during the course of a week from July 11, 2011 through July 15, 2011. Plaintiffs presented testimony from current and former Brazoria County employees, including the County Judge,

Joe King, and the District Attorney, Jerri Yenne. Plaintiffs also relied on many exhibits and its representative witness testimony.

28. The jury returned a verdict for Plaintiffs on all counts, including the award of $1 million in punitive damages to each Plaintiff. The Court later remitted the verdict in a final judgment in the total amount of $500,000.

### *Shellist Lazarz Slobin, LLP's Attorneys' Fees and Costs*

29. Shellist Lazarz Slobin, LLP seeks payment of $66,605.00 for attorneys' fees through today's date, and $4,982.69 for reimbursement of taxable costs and litigation-related expenses, for a total of $71,587.69.

30. The attorneys' fees Shellist Lazarz Slobin, LLP seeks were calculated based on counsel's "lodestar," which are the hours reasonably expended by Shellist Lazarz Slobin, multiplied by Shellist Lazarz Slobin, LLP's 2011 hourly timekeeper billing rates.

### *Factors Supporting Plaintiffs' Fee Request*
### *Reasonableness of Hours*

31. The complete detailed contemporaneous time records of all attorneys with Shellist Lazarz Slobin, LLP who billed legal services to this case and for which payment is sought are attached as Exhibit "A" to this Declaration.

32. As the lead counsel in this case, I have reviewed Shellist Lazarz Slobin, LLP's time records described above and certify to the Court that these records reflect work reasonably and necessarily performed by Shellist Lazarz Slobin, LLP in connection with the litigation of this case.

33. ***Exercise of Billing Judgment:***

    a. Due to the contingent nature of this demanding case, Shellist Lazarz Slobin, LLP had an enormous incentive to litigate the case as economically and efficiently as possible. We have attempted at all times to

allocate and coordinate work assignments among attorneys and staff so as to promote efficiencies and avoid unnecessary duplication.

      b.    I believe all of the time Shellist Lazarz Slobin, LLP billed to the case was appropriate and reasonable. Nevertheless, as set forth above, numerous hours were not billed. This includes time for numerous attorney conferences (internally and with opposing counsel), for trial preparation with Plaintiffs, and for all of the matters which occurred before July 2010.

### *Reasonableness of Hourly Rates*

    34.   ***Results Obtained:*** Plaintiffs obtained an exceptional result in defeating Blackstock's 12(b) Motion, and then obtained a substantial jury verdict.

    35.   ***Novelty and Difficulty of the Legal Questions Involved:*** This case is one of a very of which undersigned counsel is aware in which a favorable verdict under 42 U.S.C. Sec. 1983 was returned against an elected official in his individual capacity. The case involved novel and difficult issues, especially as reflected by the several pre-closing bench hearings (directed verdict and related hearings) which concerned which issues would be submitted to the jury.

    36.   ***Undesirability of the Case:*** As the attorney responsible for identifying the illegality of Blackstock's actions, I can confirm that pursuing such a claim carries many risks. First, these claims can cost significant money to litigate. Second, pursuing a claim against an individual with unknown assets is a daunting task. Third, judges, former or otherwise, are well-respected in the community. The difficulty of suing such a profession is clear.

37. *Contingency Nature of the Fee:* The reasonableness of Plaintiffs' requested fee is further justified by the fact that Plaintiffs' counsel accepted this case on a contingency basis, with no guarantee that any of the fees they incurred or costs they advanced would ever be recovered. Therefore, it is vital to our practice to be able to anticipate that, at a minimum, we will recover our lodestar and all expenses when we prevail. If we could not obtain such reasonable lodestar recoveries, when successful, we could not afford to accept and litigate 42 U.S.C. Sec. 1983 and other employment actions at all.

38. *Awards in Similar Cases:* As set forth above, my firm has recovered attorneys' fees in other cases that are consistent with the rates sought in this case. With respect to the verdict, it is the highest such verdict (pre-remittance) of which undersigned counsel is aware. Even after the reduction of the punitive damage award, it remains a very high award.

39. *Time Limits Imposed by the Case and Preclusion of Other Employment:* The fees sought by my firm also are based in part on the fact that a major complex case like this case necessarily precludes the firm from accepting other employment. My firm regularly is contacted by prospective clients seeking representation. During significant periods of time in this case, two of my firm's three partners, devoted considerable time to this case. This represents more than one-third of my firm's attorney staff. During these periods, attorneys from my firm who worked on this case were unavailable to work on new case development and the current cases we are handling.

40. *Previous Award of Rates:* In 2009, Judge Keith Ellison approved my hourly rate at $420. In 2010, Judge Lee Rosenthal approved my hourly rate at $440. Both cases involved employment litigation, one to a final verdict, and the other was a settlement of a six (6) plaintiff case.

### *Plaintiff' Costs and Expenses Are Reasonable and Compensable*

41. Shellist Lazarz Slobin, LLP incurred taxable costs and additional litigation-related expenses in handling this case. A summary detailing the $4,982.69 in such costs is included in the invoice attached as Exhibit "B" to this Declaration and includes the following: deposition cost, transcript cost, travel and lodging expenses related to travelling to Galveston for trial, copying costs, faxes and postage, and Westlaw legal research charges.

42. The foregoing costs and expenses are those that attorneys normally and routinely bill to their clients and are necessary components of the reasonable fee Plaintiff seeks. These costs have been advanced by Plaintiff's counsel and reimbursement of them is strictly contingent on an award of payment of them by Blackstock.

## CONCLUSION

43. In light of the reasons set forth above, Shellist Lazarz Slobin, LLP's request for $66,605.00 in attorneys' fees through today's date and $4,982.69 for reimbursement of taxable costs and litigation-related expenses, is reasonable and necessary and should be awarded.

MARTIN A. SHELLIST