UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

MIKKI KALINA, *et al*,                     §
                                          §
        Plaintiffs,                       §
VS.                                       §        CIVIL ACTION NO. G-10-96
                                          §
BRAZORIA COUNTY, TEXAS, *et al*,          §
                                          §
        Defendants.                       §

## ORDER ON FEES AND COSTS

### I.

Before the Court is the plaintiffs' motion for attorneys' fees and costs of court that arise

out of the preparation and trial of this case to a jury. On or about July 15, 2010, a jury returned a

verdict in favor of the plaintiffs against the defendant for civil rights violations. Since that time,

the plaintiffs have filed a motion for fees and costs (Doc. No. 62) and the defendant has filed a

response (Doc. No. 72). The Court has reviewed the motion and response, as well as the

declaration of counsel for the plaintiffs and determines that an attorney's fee and cost of court

should be awarded.

### II.

The plaintiffs' lead counsel proffers that he has been a member of the State Bar of Texas

since 1983, and is currently permitted practice privileges in several districts of the federal courts.

Appeals in other unrelated cases have been taken in the Fifth, Sixth and Eleventh Circuit Courts

of Appeals. Counsel asserts that he has engaged, primarily, in the practice of labor and

employment law for over 18 years. He cites to several cases that he has successfully argued on

appeal or tried to a jury.  *See Connelly v. TDCJ, et al.*, 484 F.3d 343 (5th Cir. 2007); *Davis v.

McKinney*, 518 F.3d 304 (5th Cir. 2008) and *Livingston v. City of Houston*, 221 S.W.3d 204 (Tex.

App. – Houston [1st Dist.] 2006).  In these cases, and in the case before the Court, counsel asserts that he "participated in preparing pleadings, gathering data required for discovery responses, taking depositions, developing strategy, the motion proceedings, and participated in the trial. Regarding his co-counsel, counsel states that he, too, practices primarily labor and employment law and has done so since 1998.

In the case at bar, counsel asserts that all the time expended was necessary to a successful presentation. Although the defendants initially were Blackstock and Brazoria County, the fact that Brazoria County was dismissed has been factored in his billing.  Counsel points out that since July of 2010, more than $20,000 in attorney's fees and paralegal time have been cut from the bill.  In addition, counsel contends that more than $12,500 in attorney time was excluded in his billing judgment. He seeks an attorneys' fee of $66,605.00 and costs of court of $4,982.69. While counsel requests an hourly rate of $450 for himself and $400 for his co-counsel, he has billed all time at $350 per hour.

### III.

When determining the reasonableness of a fee request, the Court applies the factors articulated in *Johnson v. Ga. Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974).  These twelve factors are:  1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.  The Fifth Circuit has

held that a district court need not examine each of the factors independently "if it is apparent that the court has arrived at a just compensation based on appropriate standards." *Sanders*, 2005 WL 2285403 at *2 (citing *Cobb v. Miller*, 818 F.2d 1227, 1232 (5th Cir. 1987).

### IV.

The defendant does not argue that the hourly rate of $350 is unreasonable or that counsel does not merit such an award.  Instead, the defendant "contends that the evidence is insufficient, as a matter of law, and/or [there is] no evidence [that] attorney's fees are not recoverable in this matter." [sic]. Hence, he argues that any award of an attorney's fee should be delayed until the case is heard on appeal. As a second contention, the defendant asserts that the sole cost recoverable against Blackstock is the cost of his deposition--$580.00.

### V.

The Court has examined counsel's fee request in light of the *Johnson* factors and determines that the plaintiffs' motion, declaration and invoice meet the *Johnson* factors and that a fee should be granted. *See Johnson*, 488 F.2d at 717-19. Therefore, the Court awards the plaintiffs the sum of $66,605.00 in attorneys' fees.  The Court declines to award the cost of the video recording of a deposition and Westlaw fees totaling $2,766.71. Therefore, the Court awards costs of court in the amount of $2,215.98.

It is so ORDERED.

SIGNED at Houston, Texas this 15th day of February, 2012.

Kenneth M. Hoyt
United States District Judge